## RIVERA *v*. SUCESIÓN SOTO.

APELACIÓN procedente de la Corte de Distrito de Aguadilla.

No. 749.—Resuelto en marzo 14, 1912.

HEREDEROS—RESPONSABILIDAD DE LA SUCESIÓN—BIENES DEL CAUSANTE.—En el caso de autos no se probó la fecha del fallecimiento del causante de la sucesión demandada contra cuyo caudal hereditario se estableció la presente acción, ni se justificó tampoco que en la fecha de su fallecimiento dejó bienes que constituyeran su caudal y que pudieran repartirse entre las personas que resultaran ser sus herederos. *Se resolvió* que la acción ejercitada carece de suficiente fundamento, pues no se ha demostrado que los bienes poseídos en la actualidad por algunos de los miembros de la sociedad demandada, procedan del caudal hereditario del causante, único concepto por el que pueden dichos bienes ser afectados por la sentencia dictada a favor del demandante y en la cual funda su acción. Tampoco se ha demostrado la existencia de fraude o confabulación en la adquisición de los bienes ni en la reclamación judicial hecha por el demandado Francisco Hernández Barreto.

CAUSA DEL CONTRATO—CAUSA FALSA.—La causa de un contrato aunque no se exprese en él, se presume que es lícita y verdadera mientras no se pruebe lo contrario, y no habiéndose justificado en el presente caso la falsedad de la causa no procede la nulidad que se solicita.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Carlos Franco Soto*.

Abogados del apelado: *Sres. Reichard y Reichard*.

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Esta acción fué establecida por el demandante Domingo Rivera contra la Sucesión de Juan de Dios Soto para que en primer término se declarase nula y sin ningún valor la escritura de venta judicial otorgada por el marshal de la corte municipal de Aguadilla el día 28 de enero de 1910, de siete cuerdas de terreno, así como su inscripción en el registro de la propiedad; en segundo lugar, que se anulara y dejara sin efecto el expediente posesorio promovido por Isidoro Soto en cuanto a ocho cuerdas de terreno y su inscripción en el registro de la propiedad; y en tercer lugar, que dicha parcela de terreno debe aplicarse a satisfacer la sentencia que se inserta en la demanda, y pago de costas.

La Sucesión de Juan de Dios Soto, compuesta de sus hijos

Isidoro, Teodoro, Juan, Miguel, Pedro y Jacinto y sus hijas Aniana y Asunción, todos mayores de edad, y sus nietos menores Juan, Gerardo, Modesto y Jesús Acevedo, representados por su padre Domingo Acevedo, y Olivia y Gervasio Soto, también menores de edad, representados por su madre Escolástica Méndez y Francisco Hernández Barreto, fué hecha parte demandada en dicho pleito.

Todos los demandados fueron emplazados debidamente, quienes comparecieron y contestaron la demanda con excepción de Francisco Hernández Barreto que dejó de contestarla; no constando que el demandante solicitara que se anotara su rebeldía. El demandante hace en substancia, las siguientes alegaciones:

I. Que el día 18 de febrero de 1910, se dictó sentencia en el caso Civil No. 696, promovido a nombre de Julio O. Abril y Arroyo contra la Sucesión de Juan de Dios Soto, la que después de omitirse en ella algunos particulares que no son de importancia, es como sigue:

"Despues de haber considerado debidamente el caso, la corte es de opinión que la ley y los hechos están a favor de la parte demandante. *Por tanto:* declara con lugar la demanda interpuesta y en su consecuencia decreta y ordena que el demandante Julio O. Abril y Arroyo obtenga y recobre del causante Don Juan de Dios Soto, representado por su Sucesión, compuesta de sus hijos Isidoro, Teodoro, Juan, Miguel, Aniana, Asunción, Pedro y Jacinto Soto y Deines, mayores de edad, y sus nietos menores, Juan Gerardo, Modesto y Jesús Acevedo representados por su padre Domingo Acevedo; y Olivia y Gervasio Soto, también menores, representados por su madre Escolástica Méndez, la suma reclamada de $1,036.53, de capital e intereses a razón de 12%, cuya suma no podrá hacerse efectiva en bienes propios de la referida sucesión, a menos que aparezca que dicho causante Juan de Dios Soto falleció dejando bienes que constituían su caudal hereditario; sin hacerse especial condenación de costas."

II. Que durante la sustanciación del expresado caso No. 696, teniendo los demandados el deliberado próposito de eludir la responsabilidad que había contraído por virtud de dicha sentencia, y para hacer ilusoria su ejecución, se confabularon

y pusieron de acuerdo con Francisco Hernández Barreto, estableciendo este último una demanda ante la corte municipal de Aguadilla contra la Sucesión de Juan de Dios Soto en cobro de $275, y después de obtener sentencia en rebeldía, trabó un embargo en la finca que estaba inscrita en el registro de la propiedad a nombre de Juan de Dios Soto, causante de los demandados, y habiéndose vendido dicha finca en subasta pública, fué adjudicada a Miguel Soto, otro de los herederos del referido Juan de Dios Soto y demandado en este pleito. Exponiendo además, que el marshal de la corte municipal le otorgó la correspondiente escritura de venta judicial en 28 de enero de 1910, que fué inscrita en el registro de la propiedad con su debida descripción.

III. Alega además el demandante, que la suma reclamada en el procedimiento seguido ante la corte municipal de Aguadilla en el que Francisco Hernández Barreto era demandante, contra la Sucesión de Juan de Dios Soto, según se ha dicho, no se le debía en realidad, puesto que el expresado Francisco Hernández Barreto había sido totalmente satisfecho de dicha suma por Juan de Dios Soto o sus herederos, alegando, por tanto, que el referido procedimiento seguido por el susodicho Francisco Hernández Barreto contra la Sucesión de Juan de Dios Soto fué fraudulento y supuesto, puesto que la acción establecida se fundaba en una causa falsa, siendo la sentencia que se dictó en rebeldía en dicho procedimiento nula y sin ningún valor, como asimismo lo era la escritura de venta otorgada por el marshal de la corte municipal de Aguadilla el día 28 de enero de 1910, a Miguel Soto, ante el Notario Arturo Reichard y del Valle.

IV. Que del mismo modo, después de establecida la reclamación de Julio O. Abril y Arroyo contra la Sucesión de Juan de Dios Soto, y con el fin de defraudar al acreedor Abril y de que no fuera posible hacer efectiva la sentencia que se inserta en la demanda, uno de los demandados, Isidoro Soto, fraudulenta y falsamente sustanció y obtuvo a su nombre la aprobación de un expediente posesorio de treinta y cinco cuerdas de

terreno pertenecientes a la Sucesión de Juan de Dios Soto, deudor del mencionado Abril y causante de los demandados. Dichas ocho cuerdas de terreno se describen en la demanda y se alega que fueron inscritas en el registro de la propiedad.

Los demandados comparecieron admitiendo en su contestación algunas de las alegaciones de la demanda, negando otras, y exponiendo nuevas materias constitutivas de defensa, que son en substancia como sigue:

1°. Que Don Juan de Dios Soto, en la época de su fallecimiento, era insolvente y desde mucho tiempo antes de su muerte carecía de toda clase de bienes, comprobando dicha alegación con una certificación del Tesorero de Puerto Rico, que se encuentra agregada a la contestación como *exhibit* A.

2°. Que Don Juan de Dios Soto, en el año 1899, compró a Don Miguel Hernández Comas, una finca rústica de siete cuerdas de terreno que se describe en la contestación.

3°. Que dicha compra se efectuó por la suma de $400, moneda provincial, de los que el vendedor recibió $135, quedando Soto obligado a abonar los $265 restantes, en 4 de enero de 1900, a Francisco Hernández Barreto, comprobando esta alegación con una copia de una escritura pública agregada a la contestación como *exhibit* B.

4°. Que no habiendo pagado Juan de Dios Soto ni sus sucesores los $265, Francisco Hernández Barreto siguió contra la sucesión del deudor en la corte municipal de Aguadilla, un procedimiento en cobro de dinero, embargando la finca antes descrita, la que puesta en pública subasta fué adjudicada a Miguel Soto Deines, otorgándole el marshal de la mencionada corte la escritura correspondiente ante el Notario Arturo Reichard, en 28 de enero de 1910.

5°. Que en 4 de julio de 1905, Juan de Dios Soto Vera vendió a su hijo, Miguel Soto Deines, cierta finca rústica situada en el barrio de Cruz de la jurisdicción de Moca, compuesta de una cuarenta cuerdas, las que se describen y haciendo referencia para su comprobación al documento privado que en copia acompaña a la contestación como *exhibit* C.

6º. Que de la finca descrita anteriormente, Miguel Soto Deines vendió a su hermano Isidoro Soto Deines una parcela de ocho cuerdas de terreno, las que se describen y que ésta en unión de otros predios fué objeto de un expediente posesorio promovido por Isidoro Soto Deines, y que consta inscrito en el Registro de la Propiedad del Distrito de Moca.

No es necesario hacer referencia a ciertas excepciones formuladas a la demanda por los demandados, y que fueron en su oportunidad desestimadas y eliminadas de los autos.

Aparece de la prueba documental que se aportó al juicio, que Julio O. Abril, cedente del demandante, obtuvo a su favor una sentencia en la Corte de Distrito de Aguadilla el día 18 de febrero de 1910, contra la Sucesión de Juan de Dios Soto por la suma de $1,036.53 de capital e intereses al 12 por ciento, suma que no podía hacerse efectiva en bienes de dicha Sucesión a menos que apareciere que dicho causante Juan de Dios Soto hubiere fallecido dejando bienes que constituyeran su caudal hereditario; y que se había anotado preventivamente en el registro de la propiedad de dicho distrito, la demanda, en los días 9 y 18 de enero, 1911. Aparece además de la prueba, que el abogado Arturo Reichard, a nombre y representación de Francisco Hernández Barreto, siguió un pleito en 18 de octubre de 1909, en la corte municipal de Aguadilla contra la Sucesión de Juan de Dios Soto en cobro de la suma de $345.82, con intereses a razón del 1 por ciento mensual, ascendente a $195, y las costas, y que obtuvo sentencia en rebeldía contra dicha sucesión por la cantidad reclamada; sentencia que fué registrada en 23 de noviembre de 1909, librando el secretario de la corte municipal el mandamiento de embargo al marshal de la dicha corte municipal en 18 de octubre de 1909, para que se embargara la finca de Juan de Dios Soto, en cantidad suficiente para satisfacer la suma mencionada en dicha sentencia, embargo que fué trabado por el expresado marshal el 21 de octubre de 1909, en una finca de siete cuerdas, inscrita en la página 102, tomo 9 de Moca, y anotada en el registro de la propiedad el día 3 de noviembre de 1909, en

dicha página y tomo como finca No. 599, letra A; y que dicha propiedad así embargada fué adjudicada por el marshal al mejor postor, Miguel Soto Deines, por virtud del remate en la ejecución de la referida sentencia que se había dictado a favor del demandante Francisco Hernández Barreto, el día 20 de enero de 1910, siendo dicha escritura inscrita el mismo día en el registro de la propiedad. Aparece además de la misma prueba documental, que en los años 1901 a 1902, Juan de Dios Soto poseía en el barrio de Cruz, en Moca, una finca rústica de siete cuerdas de terreno valorada en $120, una casa de madera en $25, y bienes muebles por valor de $86, y una máquina de desgranar café, sobre todo lo cual había fijada una contribución de $1.16; y que en el año económico de 1906 a 1907, no figuraba Juan de Dios Soto con bienes declarados en la municipalidad de Moca a los efectos del pago de contribuciones. Aparece también de la prueba que Juan de Dios Soto, en febrero del año 1899, adquirió por título de venta de Miguel Hernández un predio de siete cuerdas de terreno en el pueblo de Moca por la suma de $400, de cuya suma confesó el vendedor tener recibido del comprador $135, quedando obligado éste a entregar el resto del precio a Francisco Hernández Barreto el día 4 de enero de 1900.

Apareció además en el juicio, que en el mes de julio de 1905, Juan de Dios Soto y su esposa vendieron a su hijo Miguel Soto Deines una finca de cuarenta cuerdas radicada en el barrio de Cruz, en la jurisdicción de Moca, por la suma de $500, que los vendedores confesaron haber recibido del comprador. Y apareció además de la prueba, que en el año 1909, fué condenado Francisco Hernández Barreto por la corte municipal a pagar al demandante José Saltorio Méndez la suma de $25, habiéndose librado mandamiento para que retuviera esa suma que le había entregado en poder de Juan de Dios Soto a que podía alcanzar el crédito del expresado Méndez.

Que del mismo modo fué condenado Francisco Hernández y su esposa a pagar la suma de $14, a Adolfo Babilonia en el

año 1899, reteniéndose en poder de Juan de Dios Soto un crédito que los demandados tenían pendiente con dicho demandante; la cesión del crédito por sentencia a favor del demandante Domingo Rivera resulta justificada por escritura pública de 24 de octubre de 1910.

Isidoro Soto Deines y Miguel Soto Deines aparecen poseer el primero, un lote de terreno de treinta y cinco cuerdas debidamente inscrito en el registro; y el segundo, que en el año económico 1902-1903 pagaba contribución por un predio de siete cuerdas, una casa de madera y propiedad personal. La prueba testifical no aporta ningunos otros hechos que deban ser tomados en consideración para el éxito de las alegaciones consignadas en la demanda.

El primer hecho probado en los autos, que hay que considerar en este pleito bajo la relación de los hechos expuestos, en combinación con los de la demanda, es que no aparece probado en ninguna forma la fecha cierta del fallecimiento de Juan de Dios Soto, contra cuyo caudal hereditario se ha establecido esta acción; no apareciendo tampoco que en la fecha de su fallecimiento dejó bienes que constituyeran su caudal y que pudieran repartirse entre las personas que resultaran ser sus herederos. No habiéndose justificado ninguno de estos extremos, es evidente que la acción ejercitada carece de suficiente fundamento, pues no se ha demostrado que los bienes poseídos en la actualidad por algunos de los miembros de la sucesión demandada, procedan del caudal hereditario de Juan de Dios Soto, único concepto por el que pueden dichos bienes ser afectados por la sentencia dictada a favor del demandante por la Corte de Distrito de Aguadilla con fecha 18 de febrero de 1910. Tampoco aparece de la prueba que en la adquisición de estos bienes ni en la reclamación judicial hecha por Francisco Hernández Barreto, mediara fraude o confabulación entre las partes con la intención de perjudicar al demandante, en su crédito por sentencia, sustrayendo dichos bienes al pago de la misma o simulando créditos con el mismo objeto. Por

tanto, es evidente que la acción ejercitada en la demanda no podía prosperar.

La alegación que también hizo en su demanda el demandante dé que la causa de los actos y contratos realizados por individuos de la referida sucesión es falsa, no tiene justificación en el juicio, por lo que es de aplicación el precepto legal contenido en el artículo 1244 del Código Civil de Puerto Rico, y el artículo 102, subdivisión 38 de la Ley de Evidencia, en el que se establece que la causa de un contrato, aunque no se exprese en él, se presume que es lícita y verdadera mientras no se pruebe lo contrario. Tal prueba no aparece en absoluto en el presente caso.

No habiéndose demostrado la nulidad de la escritura de venta judicial otorgada por el marshal de la corte municipal en 28 de enero de 1910, por la prueba aportada al juicio, como tampoco la del procedimiento en que se decretó dicha venta, ni que el expediente posesorio promovido por Isidoro Soto adoleciera de algún vicio de nulidad, la demanda fué debidamente desestimada, por lo que se dictó sentencia correctamente, con las costas al demandante.

Habiendo considerado debidamente las alegaciones contenidas en los autos y la prueba presentada en el juicio, tanto la testifical como la documental, así como las razones formuladas por los abogados en sus informes, y no apareciendo de los mismos que se hubiera cometido algún error fundamental, la sentencia dictada por la Corte de Distrito de Aguadilla el día 1 de julio de 1911, debe confirmarse en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.